UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO ARMANDO VALENZUELA,<br><br>                              Plaintiff,<br><br>-against-<br><br>DOJ/FBOP; USP BIG SANDY MEDICAL STAFF; MDC BROOKLYN MEDICAL DEPARTMENT; NP MS. KANG; ALL PARTIES INCLUDED IN NEGLECT,<br><br>                              Defendants. | 25-CV-3362 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the United States Penitentiary Big Sandy ("USP Big Sandy") in Inez, Kentucky, brings this *pro se* action alleging that Defendants provided him with inadequate medical care, and seeking injunctive relief and money damages. Named as Defendants are the United States Department of Justice ("DOJ"), Federal Bureau of Prisons ("FBOP"), "USP Big Sandy Medical Staff"; the "Medical Department" at Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"), and Nurse Practitioner Kang at MDC Brooklyn. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Kentucky.

## DISCUSSION

Plaintiff brings this action, alleging that his constitutional rights were violated and seeking injunctive relief against federal agencies and their employees. Venue for a civil action against a federal officer or agency lies:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was denied medical care while incarcerated at MDC Brooklyn and USP Big Sandy. MDC Brooklyn, which is located in Kings County, New York, falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). USP Big Sandy is located in Inez, Martin County, Kentucky, which falls within the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a). Venue is therefore proper under Section 1391(e)(1)(B) in the Eastern District of New York and the Eastern District of Kentucky. Plaintiff alleges no facts suggesting that any of the events giving rise to his claims occurred in this District.[1]

The defendant federal agencies can be said to reside in every judicial district in the country. Venue is therefore proper under Section 1391(e)(1)(A) in this District, the Eastern District of New York, the Eastern District of Kentucky. Although Plaintiff does not allege where he resides for purposes of Section 1391(e)(1)(C), he is currently incarcerated at USP Big Sandy, which is in the Eastern District of Kentucky, and he seeks injunctive relief from BOP officials and employees at that facility.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred, in substantial part in Inez, Kentucky, where Plaintiff is incarcerated, where most of the defendants reside, and where relevant documents and witness are likely to be located. Furthermore, the injunctive relief Plaintiff seeks – medical care for his vascular veins – would likely be ordered or provided by federal officials located at USP Sandy, where Plaintiff is currently incarcerated. The Eastern District of Kentucky appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of Kentucky. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Kentucky. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge